Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Steven Weitzen

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Steven Weitzen**, an individual, | Case No. **'18CV0029 LAB BLM** |
| Plaintiff, | |
| v. | **Complaint** |
| **California Business Bureau, Inc.**, a corporation, | Jury Trial Demanded |
| Defendant. | |

## Introduction

1. Steven Weitzen ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of California Business Bureau, Inc. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendants transact business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who currently resides in San Diego, California and was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency, is incorporated under the laws of California, and operates from an address of 1711 S. Mountain Ave., Monrovia, California, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

10. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**Factual Allegations**

11. At all times relevant, Plaintiff was an individual residing within the State of California and County of San Diego.

12. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

13. On or around January 1, and January 6 of 2017, Peter Renz incurred financial obligations to Scripps Hospital for medical services.

14. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Mr. Renz is a natural person who incurred financial obligations for medical services, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

15. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. The debts incurred by Plaintiff were for medical services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

16. Sometime before August 2017, Mr. Renz allegedly fell behind and defaulted on the payments owed on the debt.

17. Plaintiff is informed and believes, and thereon alleges, that on or before August 2017 and subsequent to falling behind on payments of the debt, the debt was assigned, placed, or otherwise transferred to Defendant California Business Bureau, Inc. for collection.

18. Defendant's various communications with Plaintiff including the letter outlined in this Complaint were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

19. Plaintiff received a collection letter in the mail from Defendant, dated August 1, 2017, regarding a debt with account number ending in 1096. A true and correct redacted copy of the letter is attached as Exhibit "A".

20. The letter is solely addressed and directed to Plaintiff. No other individual responsible for the debt is listed in the letter.

21. Defendant disclosed in the letter that they are a debt collector and that this is an attempt to collect a debt.

22. The letter informs Plaintiff that <u>his</u> account has been assigned to California Business Bureau, Inc. for collection.

23. The letter threatens Plaintiff that a negative credit report may be submitted to a credit reporting agency if <u>he</u> fails to fulfill the terms of his credit obligations.

24. The letter includes information regarding the debt, including the name of the medical facilities where services were performed, related account numbers, and the total amount due and owing of $979.08.

25. The bottom portion of the letter includes a detachable slip to be included with Plaintiff's payment.

26. The detachable slip lists Plaintiff as the sender and instructs Plaintiff to make checks payable to Defendant.

27. The detachable section also lists other methods of making a payment including a website address, a telephone number, and states in bold letters, "YOUR ACCOUNT ID: 8291096".

28. Plaintiff is not responsible for this debt.

29. Plaintiff did not receive the medical services that are the subject of this debt.

30. At no point did Plaintiff agree to be liable for the services that are the subject of this debt.

31. Defendant has no plausible reason to believe that Plaintiff is responsible for this debt.

32. Plaintiff is informed and believes the account belongs to Mr. Peter Renz.

33. On September 8, 2017, Plaintiff, confused and concerned about the letter, and the threats within the letter called Defendant to inquire about the debt.

34. Plaintiff identified himself and explained that he was calling to follow up on the letter he had received from Defendant.

35. Defendant informed Plaintiff that they were attempting to collect a debt Mr. Renz incurred for medical services he received on the 1st and 6th of January 2017.

36. Plaintiff informed Defendant that he had no relation to Mr. Renz or the debt.

37. Defendant stated that Plaintiff must mail in a copy of his driver's license so that they could verify that Plaintiff was not in fact Mr. Renz and that he was not a relative of Mr. Renz.

38. Plaintiff hung up the phone incensed and frustrated that Defendant had attempted to collect a debt from him that did not belong to him, that Defendant threatened his credit for no reason, and finally that Defendant instructed him to send them a copy of his driver's license to prove to them that he was not responsible for the debt taking more time out of his busy schedule to deal with this matter.

39. 15 U.S.C § 1692c(b) prohibits a debt collector from communicating with a party other than the consumer in the collection of a debt. The Defendant

1  doesn't meet any of the exceptions to third party communications listed under
2  1692b.
3     40.   More specifically, Defendant disclosed to Plaintiff, a third party, that
4  they were attempting to collect a debt incurred by Mr. Renz, disclosed Mr. Renz's
5  extremely private personal and financial information including that the debts were
6  medical in nature, account numbers, and dates medical procedures took place.
7  Defendant was in no way simply attempting to acquire location information from
8  Plaintiff regarding Mr. Renz.
9     41.   Accordingly, Defendant's communications with Plaintiff violated 15
10 U.S.C § 1692c(b).
11    42.   In Defendant's letter to Plaintiff, Defendant threatened to
12 communicate negative credit information regarding Plaintiff's alleged debt to a
13 credit reporting agency that they knew or should have known to be false in
14 violation of 15 U.S.C. § 1692e(8).
15    43.   Prior to sending this letter, Defendant knew Mr. Renz was solely
16 responsible for this debt.
17    44.   Presumably Mr. Renz provided his contact information to Scripps
18 prior to or after the services were performed and signed documents affirming his
19 liability for the medical services.
20    45.   Presumably Scripps provided Defendant with Mr. Renz's contact and
21 account information when they assigned the debt to Defendant.
22    46.   Defendant either failed to reasonably investigate the account and who
23 was responsible for the account or Defendant ignored the results of their
24 investigation and the account information provided to them by Scripps.
25    47.   When Plaintiff called Defendant regarding the debt, Defendant knew
26 that Mr. Renz was responsible for the debt and confirmed that information with
27 Plaintiff.
28

48. Despite knowing that Plaintiff was not responsible for this debt, Defendant threatened to communicate negative credit information regarding Plaintiff that they knew or should have known to be false.

49. Accordingly, the threat in Defendant's letter violated 15 U.S.C. § 1692e(8).

50. 15 U.S.C § 1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken.

51. There is no legal basis or reason for Defendant to make any negative report against Plaintiff as he is in no way liable or responsible for this debt.

52. Any negative information reported to a credit agency by Defendant with regards to Plaintiff would be false.

53. Any such negative report would be a violation of 15 U.S.C. § 1681, the Fair Credit Reporting Act.

54. It's important to note that Defendant chose to include this threat in their letter to someone who they had not yet confirmed as the responsible party for the debt. Defendant could have sent a letter that didn't include any threats, yet still informed Plaintiff of the existence of the debt along with his right to dispute the debt.

55. Defendant's threat to report negative information about Plaintiff to a credit reporting agency violated 15 U.S.C § 1692e(5) as Defendant could not legally report such false information.

56. According to 15 U.S.C § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Similarly, § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57. Here, Defendant's collection letter on its face was false, deceptive, and misleading.

58. Defendant knew or had reason to know that Plaintiff was not in any way responsible for this debt prior to sending their letter to Plaintiff.

59. Despite Defendant's knowledge, Defendant sent the letter solely addressed to Plaintiff and repeatedly made false and misleading representations to Plaintiff that this was his account, that he was liable for the account, and threatened that there would be serious consequences if he did not make a payment on his account.

60. Defendant's letter to Plaintiff violated 15 U.S.C §§ 1692e and 1692e(10).

61. Defendant's letter to Plaintiff and conversation with him regarding the debt as described herein was per se abuse and harassment in violation of 15 U.S.C. § 1692d.

62. Attempting to collect a debt Defendant knew or should have known did not belong to Plaintiff as described herein was an unfair or unconscionable means to collect a debt and violated 15 U.S.C. § 1692f.

63. In violating 15 U.S.C §§ 1692c(b), 1692e(8) 1692e(5), 1692e, 1692e(10), 1692d, and 1692f, Defendant's actions also violated Cal. Civ. Code § 1788.17.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 et seq.**

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 et seq.

66. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)

67. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

68. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

69. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Rosenthal Fair Debt Collection Practices Act**

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   January 4, 2018.            Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff